**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **KARIM SABUR KABIR MUHAMMAD,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**GEORGIA DEPARTMENT OF HUMAN RESOURCES, et al.,**<br><br>**Defendants.** | ) | **CIVIL ACTION NO. 5:26-cv-221 (MTT)** |

**ORDER**

Plaintiff Karim Sabur Kabir Muhammad, proceeding pro se and *in forma pauperis* ("IFP"), recast his complaint as ordered by the Court. ECF 5; 11. Pursuant to 28 U.S.C. § 1915(e), the Court must screen Plaintiff's Second Amended Complaint. For the reasons explained below, the Second Amended Complaint is **DISMISSED without prejudice**.

## I. STANDARD

When allowing a plaintiff to proceed IFP, the Court shall dismiss the case if the Court determines that the complaint (1) "is frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "has little or no chance of success," meaning that it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). "A

dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard as a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)."[1] *Thomas v. Harris*, 399 F. App'x 508, 509 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). However, because Plaintiff is proceeding pro se, his "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (citation modified). Even so, "the district court does not have license to rewrite a deficient pleading." *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008).

## II. DISCUSSION

The Second Amended Complaint is two pages long and largely bereft of non-conclusory factual allegations.[2] ECF 11. Plaintiff brings suit against the Commissioner of the Georgia Department of Human Services, Candice Broce, and two Special Assistant Attorneys General, Ronald Daniels and Kindall Browning-Rickle. *Id.* at 1. He alleges that in November 2025 Defendants certified that Plaintiff owed a debt of $48,407.01 to the U.S. Secretary of State pursuant to 42 U.S.C. § 652(k), which governs the denial of passports for nonpayment of child support. *Id.* The certification resulted in the revocation of Plaintiff's passport and the "immediate termination of

---

[1] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). On a motion to dismiss, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *In re Galectin Therapeutics, Inc. Sec. Litig.*, 843 F.3d 1257, 1269 n.4 (11th Cir. 2016) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)).

[2] Plaintiff refers to exhibits in the Second Amended Complaint, but no exhibits are attached. ECF 11 at 1. To the extent Plaintiff attempts to refer to exhibits attached to previous complaints, the Court previously informed Plaintiff that the Second Amended Complaint would take the place of and supersede his previous complaints and that he may not refer to or incorporate by reference his previous complaints. ECF 5 at 7; *Schreane v. Middlebrooks*, 522 F. App'x 845, 847–48 (11th Cir. 2013).

[Plaintiff's] maritime contract with Mitsui O.S.K. Lines." *Id.* ¶¶ 6. Plaintiff asserts that the debt certification was "false" and that internal records showed "a $0.00 balance." *Id*. ¶¶ 5–6. Plaintiff also alleges that on June 18, 2026, Defendant Daniels filed a "false certificate of service" in state court, asserting that "Plaintiff lived in Florida despite actual knowledge of Plaintiff's Georgia residency." *Id.* ¶ 7. The Second Amended Complaint alleges the false certification "subverted Plaintiff's 30-day appeal window." *Id.* ¶ 7. But it is unclear what needed to be served, and Plaintiff does not say how the service certification impacted his appeal. *Id.* Plaintiff asserts a due process claim via 42 U.S.C. § 1983 and seeks a permanent injunction withdrawing the false certification and $24,000 for the lost contract "plus consequential damages." *Id.* at 2.

To plausibly allege a procedural due process violation, a plaintiff must allege "(1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *Am. Fed'n of Labor & Cong. of Indus. Orgs. v. City of Miami,* 637 F.3d 1178, 1186 (11th Cir. 2011). But "a procedural due process violation is not complete unless . . . the state refuses to provide a process sufficient to remedy the procedural deprivation . . . ." *McKinney v. Pate*, 20 F.3d 1550, 1560 (11th Cir. 1994) (en banc), abrogation on unrelated grounds recognized by *Littlejohn v. Sch. Bd. of Leon Cnty.*, 132 F.4th 1232, 1240 (11th Cir. 2025); *see also Peden v. Stephens*, 187 F.4th 1371, 1377 (11th Cir. 2026) ("Even a plaintiff who has 'suffered a procedural deprivation . . . has not suffered a violation of his procedural due process rights unless and until the State . . . refuses to make available a means to remedy the deprivation.'" (quoting *McKinney*, 20 F.3d at 1563)). That is, there is no procedural due process violation if "an adequate post-deprivation process is in place

under state law." *Foxy Lady, Inc. v. City of Atlanta*, 347 F.3d 1232, 1239 (11th Cir. 2003); *Mata Chorwadi, Inc. v. City of Boynton Beach*, 66 F.4th 1259, 1267 (11th Cir. 2023) ("[A] plaintiff who seeks relief under section 1983 must allege that there is no available state process.").

The Second Amended Complaint fails to plausibly allege a due process violation. Even assuming state action resulted in the deprivation of a constitutionally-protected liberty or property interest, the Second Amended Complaint fails to plausibly allege that Plaintiff received constitutionally inadequate process or that Georgia's post-deprivation remedy is inadequate. To be sure, the Second Amended Complaint asserts that a false certificate of service "subverted Plaintiff's 30-day appeal window." ECF 11 ¶ 7. But the Second Amended Complaint's factual allegations on this point are far too thin to allege constitutionally inadequate process. For example, it is unclear what Defendant Daniels needed to serve on Plaintiff; what, if any, efforts Daniels made to effect service; whether Plaintiff actually lacked notice of what Daniels failed to serve; or how Daniels knew Plaintiff lived in Georgia when he certified that Plaintiff lived in Florida.[3] The Second Amended Complaint also lacks factual allegations showing how the certificate of service impacted Plaintiff's ability to appeal.

---

[3] Plaintiff's conclusory allegation that Defendant Daniels knew Plaintiff was a Georgia resident but certified that he lived in Florida is not well-pleaded. *See* ECF 11 ¶ 7. In addition, the Court notes the Second Amended Complaint lacks factual allegations from which the Court could determine whether Defendant Daniels, a Special Assistant Attorney General, made the certification during the performance of a prosecutorial function. "[A] prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate." *Hart v. Hodges,* 587 F.3d 1288, 1295 (11th Cir. 2009) (citation modified). "While prosecutorial immunity traditionally arises in the context of criminal proceedings, the United States Supreme Court has held that, in civil proceedings, executive branch officials performing certain functions analogous to those of a prosecutor are similarly entitled to absolute immunity from damages claims under Section 1983." *Simonds v. Shearer*, 2023 WL 274469, at *3 (M.D. Ga. Jan. 18, 2023) (citation modified); *Butz v. Economou*, 438 U.S. 478, 515 (1978).

The Court is mindful of Plaintiff's pro se status, which may have caused Plaintiff's pleading deficiencies. Even so, the Court previously ordered Plaintiff to recast his complaint and explained the standard by which the Court would conduct a frivolity review. ECF 5 at 3–8. Plaintiff's Second Amended Complaint fails to add necessary factual allegations to state a claim. Though the Court must construe pro se pleadings liberally, it may not rewrite a deficient one. The Second Amended Complaint fails to state a claim upon which relief could be granted. Accordingly, it is **DISMISSED without prejudice**.

**SO ORDERED**, this 23rd day of November, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT